UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Carson Alex Boyd, | ) | C/A No. 7:24-cv-4534-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Brandon H. Dorsett, Brandon T. Parker, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Carson Alex Boyd ("Plaintiff"), a non-prisoner litigant proceeding *pro se*, brings this civil action against the above-named Defendants.[1] The provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), authorize the undersigned Magistrate Judge to review the Complaint for relief and submit findings and recommendations to the district court. Upon review, the undersigned concludes that this action is subject to dismissal for the reasons below.

Plaintiff commenced this action by filing a *pro se* Complaint, which was entered on this Court's docket on August 19, 2024. ECF No. 1. By Orders dated August 21, and September 13, 2024, Plaintiff was directed to provide the necessary information and paperwork to bring this case into proper form for further evaluation and possible service of process. ECF Nos. 5; 13. In both Orders, Plaintiff was warned that failure to provide the necessary information and paperwork

---

[1] When Plaintiff commenced this action, he was incarcerated at the Cherokee County Detention Center. ECF No. 1 at 2. Plaintiff notified the Court by letter dated August 29, 2024, that he had been released to house arrest. ECF No. 7. Because Plaintiff is no longer incarcerated, this Report and Recommendation is entered in accordance with General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).

within the timetable set in the Court's Orders may subject the case to dismissal.  Both Orders also advised Plaintiff of his duty to always keep the Court informed as to his current address.

The second proper form Order dated September 13, 2024, was mailed to Plaintiff at the address he provided to the Court in his notice of change of address.  ECF No. 15.  Because the Order has not been returned to the Court as undeliverable, Plaintiff is presumed to have received the Order.  Plaintiff has not responded to the Order and has not filed the documents required by the Order.  The deadline for response has passed.

"The Court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, C/A No. 4:13-cv-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013).  It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute.  Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (noting Rule 41"recognize[s] that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders").  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff did not respond to this Court's second proper form Order and has failed to file the required documents.  He has failed to prosecute this case and comply with an Order of this Court.  Accordingly, the case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION:**

For the reasons above, it is recommended that the District Court DISMISS this action without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and comply with the Court's Order.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

October 21, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).